## C. A. & E. H. PERRY, *Respondents*, v. JOHN TAYLOR et al., *Appellants*.

### (Opinion Rendered October 26th, 1871.)

1. INTEREST.—An agreement to pay interest on a note which provides for " interest at the rate of two per cent. per month from date," does not extend beyond the time the said note becomes due and payable by its terms.
2. When there is a Statute providing a specific rate of interest, such note is the measure of damages, otherwise the damage is to be established by proof.
3. DAMAGE AS INTEREST.—Upon stated and liquidated accounts, for money had and received, and upon notes overdue, where there is no Statute for Interest, damages may be recovered in lieu of interest, upon proper proof.
4. RULE AS TO INTEREST WHEN THERE HAVE BEEN PARTIAL PAYMENTS.— The payment is to first apply to the discharge of the interest due, and if the payment exceeds the interest, the surplus goes towards discharging the principal ; if the payment be less than the interest, the surplus of the interest due must not be taken to augment the principal, but interest continues on the former principal until the period when the payments taken together exceed the Interest due, and then the surplus is to be applied towards discharging the principal, etc.

APPEAL from the Third Judicial District. The facts appear in the Opinion.

*A. Miner* for Appellant.

*R. N. Baskin* for Respondent.

HAWLEY, J., delivered the Opinion of the Court.

This was an action in assumpsit, brought upon a promissory note, in the Third Judicial District Court, by the Respondent, against Chauncey W. West, John Taylor, and Levi Wheeler, as joint and several makers of said note, which reads as follows :

"$920.70. Great Salt Lake City, Aug. 10th, 1867. Twelve months after date, we, or either of us, promise to pay C. A. & E. H. Perry, or order, the sum of nine hundred and twenty dollars and seventy cents, for value received, without defalcation or discount, with interest at the rate of two (2) per cent. per month from date.

rev.        CHAUNCEY W. WEST,
stamp        JOHN TAYLOR,
50c.         LEVI WHEELER."

The Respondents commenced their said action in the court below, in the name of C. A. & E. H. Perry, plaintiffs," as though they were co-partners, without averring a co-partnership, Neither of their christian names appears upon the record. As objectionable as this is, and as obnoxious as it was to a demurrer, no advantage was taken of it by the Defendants in the court below, nor has there been any interposed by Appellants in this court; this fault may therefore be considered as waived.

By the return of summons it appears that John Taylor only was served with process, and that he failed to file his answer, or to make any objection whatever until the day of trial and judgment. From the bill of exceptions it appears that the case was brought on for trial on the 6th day of October, 1869, when his default was taken. The case was then called for trial, and without any formal waiver of a jury on the part of Taylor, it was tried by the Court; but on the argument in this court, it was stipulated by and between the parties, that there was in fact a waiver of a jury, and the record was accordingly so amended. It appears from the Record that there was, on the 1st day of April, 1869, paid on said note, the sum of $300, and on the 15th of May following, the sum of $162.50. It appears from the bill of exceptions, that, on the introduction of said note as evidence in the court below, the said Defendants in error insisted that the measure of damage for the non-payment of said note when due, and from that time until the day of the judgment, was the interest upon the same, at the rate of two per cent. per month, to which the Appellant objected; which objection was over-ruled, and exception was taken thereto; and thereupon James M. Carter was sworn, under the ruling of the Court, to compute the interest upon said note, up to that time, at the said rate of two per cent. per month; and that upon such computation, there was found due upon the note the sum of $911.70; and thereupon the Respondent asked for a judgment in that amount for principal and interest, as damages, to which the Appellant objected, and insisted that the same was too great, which objection was overruled, and the Appellant took ex-

ception thereto; and thereupon the said Court rendered judgment against the said Appellant and in favor of the said Respondents for damages in the said sum of $911.70, and costs, to which judgment the said Appellant took exceptions for that cause, and assigns the same as error.

Neither the record nor the bill of exceptions shows any evidence to prove what the actual damage was to Respondents, which they sustained by the law of custom, by reason of the detention of the money due upon the note after its maturity; nor was there any evidence to prove what the money was actually worth from and after said time.

It seems to have been taken for granted by Respondents, after said not became due and payable, the measure of damage for the detention of money due upon it, was two per cent. per month, the same as specified in the note, for its use not only up to the time it became due and payable by its terms, but after that time, as aforesaid. But such is not the law.

The agreement to pay interest, which is contained in the note for two per cent. per month, did not extend beyond the time the same became due and payable by its terms; and there being no other agreement for interest, to determine the damage as interest, after the note became due; and there being no affirmative law fixing the rate of interest from and after the same became due, such damage by way of interest or otherwise, should have been left to be determined by proof. The Statute (since repealed) approved Feb. 14, 1869, which provides " that it shall not be lawful to take more than ten per cent. interest per annum, when the amount of interest has not been specified or agreed upon," is entirely negative in its character. It does not become necessary in this case to construe said statute, or to decide whether or not, during its life, it actually fixed the amount of damage by way of interest at ten per cent. per annum. If such is its proper construction, and that ten per cent. was not simply the maximum rate under it, it would not help this case, for this rule was not followed by the Court; but rather the measure of interest named in the note after, as well as up to the time it became due, to-

9

wit: at the rate of two per cent. per month. This was manifestly wrong, for the said Statute fixed the maximum rate not to exceed that of ten per cent. This view of the law was fully sustained by the Supreme Court of the United States in the case of Brewster *v.* Wakefield, 22 Howard U. S. 125; see also Macomber *v.* Dunham, 8 Wend. 550; United States Bank *v.* Chapin, 9 Wend. 471; and Ludwick *v.* Huntsinger, 5 Watt and Serg. 51-60.

As a rule, where there is a Statute providing a specific rate of interest, such rate is the measure of damage. But in the absence of such a Statute, the measure of damage by way of interest or otherwise, is determined by proof and the discretion of the jury under the evidence.

At common law, it was formerly held, that in the absence of a special agreement for the payment of a specific rate of interest, none could be recovered, either as such, or as damage in lieu of interest:—See the case of Reid *v.* Rensselaer Glass Factory, 3d. Cowen, R. 419, in which Justices Savage and Sutherland present the law and the law of England and this country in able opinions. But this rule, as will be seen in said case, has been relaxed in England, and it is now held both in England and this country, that upon stated and liquidated accounts, for money had and received, or loaned, and upon notes past due, where there is no Statute for interest, damages may be recovered for the detention in lieu of interest, in the discretion of the jury, under proper proof. But where there is a Statute which determines the rate of interest per annum, such is the measure of damages, in such or similar cases, on the ground that the law considers such damage by way of interest, incident to the debt, and implies a promise on the debtor to pay it from the day it becomes due, if not then paid. This implied promise is supported by common justice between man and man, which rests upon every man to render to another a fair equivalent for the use or detention of that which is justly due to his fellow man. See Selleck *v.* French, 1 Conn., N. S. 32, 35; Read *v.* Rensselaer Glass Factory, 5 Cowen, R. 587; Van Rensselaer *v.* Jones, 2 Barbour Supreme Court Reports, 651; Parsons on Notes

and Bills, 391, 395, note p ; 396 note q ; 397 note s and v ; Sedwick on damages, 375 to 390 inclusive, and notes.

The Appellant does not object to the payment of the said two per cent. per month during the time of his agreement so to do, or up to the time the said note became due and payable, to-wit : up to the 10th day of August, 1868, or for twelve months. Nor does he object to the payment of damages as interest, from and after the note became due as aforesaid, at the rate of ten per cent. per annum. But he protests against the payment of two per cent. per month, from and after the note became due, to the day the said judgment was rendered. And in this we think he was and is entirely right.

And for the purpose of disposing of the question as to the proper mode of casting interest, where there are partial payments. as in this case, we will further say, that the rule for casting interest, as laid down by the books, and which commends itself upon principles of justice, is as follows : " The payment is to first apply to the discharge of the interest due. If the payment exceeds the interest, the surplus goes towards discharging the principal, and the subsequent interest is to be computed on the balance of principal remaining due. If the payment be less than the interest, the surplus of interest due must not be taken to augment the principal ; but interest continues on the former principal until the period when the payments, taken together, exceed the interest due, and then the surplus is to be applied towards discharging the principal, and interest is to be computed on the balance of the principal as aforesaid."—See Connecticut *v.* Jackson, 1 John., ch. 17 ; Penrose *v.* Hart, 1 Dallas Penn., 404 ; Tracy *v.* Wickoff, 1 Dallas Penn., 133.

Judgment reversed, revised and rendered pursuant to the decision herein rendered.